IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ARTHUR MATTHEWS,**<br><br>*Plaintiff,*<br><br>v.<br><br>**DETROIT POLICE DEPARTMENT,**<br>**in their official capacity;**<br>**DOES 1 – 10, in their individual and**<br>**official capacities,**<br><br>*Defendants.* | **CASE NO. 2:23-cv-11416**<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

### I.     INTRODUCTION

This action arises under the following federal statutes: The Americans with Disabilities Act of 1990 (ADA), Pub.L. No. 101-336, 104 Stat. 327 (1990), 42 U.S.C. §§ 12101 et seq.

### II.     PARTIES

1.     Plaintiff Arthur Matthews ("Plaintiff") is a resident of Wayne County.

2.     Defendant Detroit Police Department ("Defendant") is a governing body of the City of Detroit and Plaintiff's employer.

3. Defendants Does 1-10 ("Doe Defendants") are individuals who were employed by the Defendant during the time period relevant to this action. The names and job titles of the Doe Defendants are currently unknown.

### III. JURISDICTION AND VENUE

4. This action arises under the laws of the United States. Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331.

5. This action arises under the following federal statutes: The Americans with Disabilities Act of 1990 (ADA), Pub.L. No. 101-336, 104 Stat. 327 (1990), 42 U.S.C. §§ 12101, et seq.

6. Defendant is the Detroit Police Department located in Detroit, Michigan. Accordingly, venue is proper in this District under 28 U.S.C. § 1391.

7. In accordance with 28 U.S.C. § 1367, this Court also has supplemental jurisdiction over Plaintiff's state law claims because these claims are a part of the same controversy and are related to the federal question claims stated herein.

8. This Court properly exercises personal jurisdiction over the individual Defendants because they are domiciled within the State of Michigan. The individual Doe Defendants were employees of Defendant at all relevant times herein and personally violated certain laws, rights, and policies the effects of which were felt in the State of Michigan.

9. This action is properly within this judicial district pursuant to 28 U.S.C. §1391(b) because Defendant or its employee's, agent's and officer's primary employment is in this district and division.

## IV. FACTUAL ALLEGATIONS

10. On May 23, 1993, Plaintiff was employed by the Defendant as a Police Officer.

11. Plaintiff was later promoted to Corporal Police Officer.

12. Plaintiff's current rate of pay is $69,000 per year.

13. On May 6, 2011, Plaintiff suffered a critical work-related injury.

14. On May 9, 2011, Plaintiff was released from the hospital.

15. On May 20, 2011, Plaintiff received his last paycheck for a full pay period worked.

16. In May of 2011, Plaintiff filed his first grievance with the Detroit Police Officers Association for failure to provide worker's compensation benefits for pay.

17. After the filing of the grievance, Plaintiff was advised that all personal/sick time off would be exhausted before worker's compensation benefits would be paid.

18. Defendant has required Plaintiff to produce continuous and excessive medical documentation and has continuously harassed Plaintiff regarding his medical condition.

19. Plaintiff's general practitioner and neurologist sent eight letters to Defendant stating that Plaintiff was unable to return to work.

20. On February 15, 2022, Defendant forced Plaintiff to return to work even though he was suffering from a medical condition that limits one or more of his major life activities.

21. When Plaintiff was forced to return to work, he suffered from hand atrophy.

22. On February 15, 2022, within the first ten (10) minutes of Plaintiff's first day returning to work, Lieutenant Carter rudely interrupted Plaintiff's conversation with Captain Brian Lewis and stated to Lewis and in reference to Plaintiff, "Let me tell you about this one RIGHT HERE!" all while being in the presence of Plaintiff and four other personnel.

23. Plaintiff, upon request of Lieutenant Carter and after advising Lieutenant Carter that he was checking in for duty, Lieutenant Carter aggressively stated to Plaintiff, "Good, you can come with me!"

24. Although having full knowledge and substantial documentation in support of Plaintiff's injuries, Lieutenant Carter turned to Plaintiff while laughing and proceeded to taunt Plaintiff by sprinting up the stairs and badgering, What? You aren't coming?"

25. On March 22, 2022, Plaintiff's disability changed from duty disabled to sick leave.

26. On May 18, 2022, Plaintiff was denied the right to sit in a chair and required to sit on milk crates to perform his work duties.

27. On May 18, 2022, Plaintiff was forced to work a seven-hour day opposed to the three-hour maximum as per the protocol for the duty disabled.

28. On May 18, 2022, Plaintiff suffered a cardiac event while at work.

29. On May 18, 2022, Plaintiff was placed off work without pay and forced to use his sick leave.

30. On May 21, 2022, Plaintiff was admitted to the University of Michigan Hospital.

31. On May 21, 2022, three hours after being released from University of Michigan Hospital, Plaintiff suffered another cardiac event and was admitted to Beaumont Oakwood Hospital.

32. On May 23, 2022, Plaintiff was released from Beaumont Oakwood Hospital.

33. On May 31, 2022, Plaintiff hand delivered his medical records from Beaumont Oakwood Hospital to Sargent D. Murray and Corporal William Bradley.

34. On May 31, 2022, Plaintiff's disability benefit status was changed from Duty Disabled to Sick Leave.

35. As of May 31, 2022, Plaintiff has been forced to exhaust all personal/sick time.

36. On March 15, 2023, Plaintiff filed a Charge of Discrimination with the EEOC, Charge No. 471-2022-0582, alleging violations of ADA which is attached hereto and incorporated herein as Exhibit A.

37. On March 16, 2023, the EEOC issued a right to sue not making a determination of whether further investigation would establish violations of the statute which is attached hereto and incorporated herein as Exhibit B.

38. Plaintiff's personal/sick time will be exhausted as of October 2023.

39. Plaintiff continues to report to Defendant his medical needs.

40. Plaintiff is receiving continuous ongoing medical treatment.

41. Plaintiff timely filed this lawsuit within the ninety days allowed under the right to sue.

## V.    CAUSES OF ACTION

**COUNT ONE – AMERICANS WITH DISABILITIES ACT OF 1990 42 U.S.C. § 12101, ET SEQ.
(DISCRIMINATION)**

42. Plaintiff incorporates by reference all the preceding paragraphs in this Complaint as if fully set forth herein.

43. Plaintiff meets the definition of an individual with a disability under the ADA.

44. Plaintiff's work-related injury and cardiac condition substantially limits one or more of his major life activities.

45. Plaintiff has a record of such an impairment.

46. Plaintiff is regarded as having such an impairment that limits one or more of his major life activities.

47. Defendant's discriminatory actions exasperated and impaired Plaintiff's ability to perform his duties without harassment and maintain his employment.

48. The ADA defines "discrimination" to include "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability" 42 U.S.C. § 12112(b)(5)(A).

49. The ADA requires covered employers to provide reasonable accommodations for applicants and employees with disabilities and prohibits discrimination on the basis of disability in all aspects of employment. Reasonable accommodation includes, for example, restructuring jobs, making work-sites and workstations accessible, modifying schedules, providing services such as interpreters, and modifying equipment and policies. Title I also regulates medical examinations and inquires.

50. Plaintiff claims that Defendant's actions fall under the conventional 'disparate treatment' theory.

51. Defendant was aware of Plaintiff's work-related injuries.

52. Defendant failed to provide reasonable accommodations.

53. Defendant was in receipt of Plaintiff's physicians' letters stating Plaintiff's medical condition and required work restrictions.

54. Defendant perceived/regarded Plaintiff as having a disability by requiring him to continuously provide medical documentation and placing him on medical leave.

55. Defendant discriminated against Plaintiff by denying his ability to employment without harassment and/or retaliation.

56. Defendant's actions were intentional discrimination by acting in a manner "'deliberately indifferent' to Plaintiffs rights under the ADA which entitles Plaintiff to monetary relief in the form of compensatory damages, attorneys' fees and costs for injury to his profession.

57. Defendant's adverse discriminatory actions have resulted in Plaintiff being damaged financially and emotionally. Plaintiff seeks all damages allowed under the ADA.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that this Court:

(a) Enter judgment against Defendant requiring Defendant to make Plaintiff whole by granting appropriate declaratory relief, reinstatement

    with seniority, back pay, front pay, and compensatory damages;

(b)    Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(c)    Grant such other and further relief as justice requires.

## COUNT TWO – AMERICANS WITH DISABILITIES ACT OF 1990 42 U.S.C. § 12101, ET SEQ. (RETALIATION)

58.    Plaintiff incorporates by reference all the preceding paragraphs in this Complaint as if fully set forth herein.

59.    Defendant's discriminatory actions exasperated and impaired Plaintiff's ability to perform his duties without harassment and maintain his employment.

60.    On May 20, 2011, Plaintiff received his last paycheck for a full pay period worked.

61.    In May of 2011, Plaintiff was advised that all personal/sick time off would be exhausted before worker's compensation benefits would be paid.

62.    In May of 2011, Plaintiff filed his first grievance with the Detroit Police Officers Association for failure to provide worker's compensation benefits for pay.

63. Although Plaintiff's general practitioner and neurologist sent eight letters to Defendant stating that Plaintiff was unable to return to work without a desk duty only work restriction, Defendant forced Plaintiff to return to work.

64. On February 15, 2022, on Plaintiff's first day returning to work, Plaintiff's Lieutenant, while in the presence of Plaintiff and approximately four coworkers, made a derogatory demeaning comment to Captain Brian Lewis referring to Plaintiff.

65. Although Plaintiff was under limited work restrictions, on February 19, 2022, Plaintiff's Lieutenant forced him to walk up a flight of stairs.

66. On March 22, 2022, Plaintiff's disability changed from duty disabled to sick leave.

67. On May 18, 2022, Plaintiff was denied the right to sit in a chair and required to sit on milk crates to perform his work duties.

68. On May 18, 2022, Plaintiff was forced to work a seven-hour day even though he was under supposed to be on a restricted work schedule of a three-hour maximum.

69. On May 18, 2022, Plaintiff suffered a cardiac event while at work.

70. On May 18, 2022, Plaintiff was placed off work without pay and forced to use his sick leave.

71.     On May 21, 2022, Plaintiff was admitted to the University of Michigan Hospital.

72.     On May 31, 2022, Plaintiff's disability benefit status was changed from Duty Disabled to Sick Leave.

73.     As of May 31, 2022, Plaintiff has been forced to exhaust all personal/sick time.

74.     Defendant's adverse discriminatory actions have resulted in Plaintiff being damaged financially and emotionally.  Plaintiff seeks all damages allowed under the ADA for retaliation.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that this Court:

(a)     Enter judgment against Defendant requiring Defendant to make Plaintiff whole by granting appropriate declaratory relief,   reinstatement   with seniority, back pay, front pay, and compensatory damages;

(b)     Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(c)     Grant such other and further relief as justice requires.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues stated in this action.

- 12 -

Dated: June 14, 2023

Respectfully Submitted,

<u>/s/ *Kimberly R. Dodson*</u>
Kimberly R. Dodson, Esq.
Keith Altman, Esq.
THE LAW OFFICE OF KEITH ALTMAN
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
(248) 987-8929
kimberlydodson@kaltmanlaw.com
keithaltman@kaltmanlaw.com